*572 WATSON, District Judge,
dissenting.
Healy perpetrated a complex fraud; thus, fixing restitution was a difficult task. The district court could have foregone restitution if determining the complex issues of fact would complicate the sentencing process such that the burden it imposed outweighed the need to provide restitution. 18 U.S.C. § 3663A(3). But, as the district court determined to impose restitution, it was required to do so in accordance with the statute.
I disagree with the majority on the restitution issue for three reasons: (1) the § 3663A(b)(l)(B)(ii) issue was preserved for appeal; (2) the government bore the burden of establishing the value of Healy’s interest in DSS as part of the § 3663A(b)(l)(B) calculation; and (3) the district court abused its discretion when it valued Healy’s interest in DSS in the absence of evidence quantifying DSS’s assets, which included: ownership of the software for the medical cards, the patent application for the intellectual property, and at least one contract for the sale of cards. Therefore, I believe the district court’s restitution order was entered in error and dissent.
I. The Section 3663A(b)(l)(B)(ii) Issue was Preserved for Appeal.
The majority states the only issue preserved for appeal is whether Healy is entitled to a future offset, but whether the district court properly valued Healy’s interest in DSS pursuant to § 3663A(b)(l)(B)(ii) was also preserved for appeal.
First, the majority concedes § 3663A(b)(l)(B)(ii) required the district court to subtract from $918,866 the value of the shares Healy disgorged to DSS. Swpra, at 567. Second, although Healy’s appellate brief was less than clear, the government’s brief recognized that this appeal involves a § 3663A(b)(l)(B)(ii) issue. Appellee Br. 26 (citing § 3663A(b)(l)(B) and stating the district court “Accordingly ... subtracted zero from $918,866 and ordered Healy to pay $918,866 in restitution.”). In fact, the government framed the appellate issue as whether the district court’s factual finding that Healy’s interest in DSS had no value when he surrendered it was clearly erroneous, in the context of § 3663A(b)(l)(B)(ii). Id. at 27.
Third, the majority is wrong to conclude that Healy’s counsel argued at sentencing only for a future offset and that his concession that Healy’s interest in the company may never have value negates the issue on appeal. Healy’s counsel argued for a future offset[1] but also objected to the district court making any valuation of Healy’s interest in DSS because it lacked sufficient evidence to do so. Oct. 23 Hr’g, PagelD # 591-92, Case No. 5:11-cr-138, ECF No. 53 (“Mr. Taylor wants you to make an implicit order — an explicit finding here today based on no evidence whatsoever.... There is no finding here as to what the value of the company was on the date of sentencing or on the date of any of these hearings.”). Moreover, Healy’s counsel conceded during sentencing it is possible that Healy’s shares had no value, but he repeatedly stated that the district court lacked evidence from which it could make that determination one way or the other, and he preserved that objection for appeal. Id. at PagelD # 598 (objecting for the record); Appellant Br. 30, 33 (arguing “the court erred in ordering Healy to pay $918,866.00 in restitution ... where the *573 Court: ... found that, contrary to its own prior order, DSS had no residual value; and ... made this finding ... without any evidence to support it.”);[2] (arguing “the court erred in finding DSS had no residual value” and that such finding contradicted the evidence in the record that DSS “owned the rights to a valuable asset.”).[3] Thus, Healy properly preserved for appeal the issue of whether the district court erred in valuing Healy’s shares in DSS during its restitution computation.
II. The Government Bore the Burden of Establishing the Value of Healy’s Interest in DSS as Part of the § 3663A(b)(l)(B) Calculation.
The district court “shall order restitution to each victim in the full amount of each victim’s losses.... ” 18 U.S.C. § 3664(f)(1)(A). The government bears the burden of proving the “amount of the loss sustained by a victim....” 18 U.S.C. § 3664(e). The amount of loss for purposes of restitution is not simply the $918,866 that the victims invested in DSS. The full amount of loss is $918,866 minus the value of the property that was returned (Healy’s interest in DSS) at the time of sentencing. 18 U.S.C. § 3663A(b)(l)(B)(ii). By finding that the only issue preserved for appeal was the issue of future offset, the majority misplaces the burden of proof on Healy. Supra, at 568, 569.
III. The District Court Abused Its Discretion When It Valued Healy’s Interest in DSS Without Any Evidence Quantifying DSS’s Assets.
A thorough review of the record shows the district court lacked sufficient evidence to make any valuation of Healy’s interest in DSS by a preponderance of the evidence. The record contained quantified evidence of DSS’s liabilities but also contained evidence that, as of Healy’s sentencing, DSS owned the software for the medical cards and the patent application for the intellectual property, was still a going concern, had been able to advance the medical cards to a marketable format, and had generated at least one sale. The government, however, offered no evidence quantifying the value of the contract(s), the value of the software, the value of the patent application, or the value of DSS as a going concern.
On that record, any finding that DSS had no value was mere conjecture as the district court lacked a basis for finding that DSS’s liabilities outweighed its assets. And the district court thus abused its discretion by making any valuation of DSS without enough evidence from which it could do so by a preponderance of the evidence.[4]
*574 Accordingly, the sentence should be vacated and remanded, and the government should be given the opportunity to put on some evidence as to the value of DSS’s contracts, patent application, and software at the time of disgorgement so that the district court can reliably find DSS’s value by a preponderance of the evidence. For these reasons, I dissent.

. I agree with the majority’s conclusion regarding future offset, which was not pursued on appeal.

. The original is in all capital letters.

. The majority also makes much of the fact that Healy did not challenge the order requiring him to relinquish his ownership interest in DSS as part of restitution. That is irrelevant. Although he agreed to disgorge his interest in the company as part of restitution, he argued the $918,866 initial loss amount should then be reduced by the value of that disgorged interest. Oct. 23 Hr’g, PagelD #591-92, Case No. 5:11-cr-138, ECF No. 53 (stating that if the Court will not allow future offset and intends to value Healy's interest in the company at $0, it should instead "[r]e-store his 51 percent [interest], let him see if he can sell it to some investor out there and give the money back to the investors” because his interest had value).

.The majority states that the evidence preponderated in favor of finding a $0 value irrespective of who bore the burden of proof. Supra, at 569. But that statement ignores the fact that the record unequivocally showed DSS had some value but failed to show whether that value amounted to a net positive. Moreover, the majority's conclusion that the "record does not establish that the progress was enough to give the company net *574 positive value at the time the district court ordered Healy to disgorge his interest....” supra, at 570, is far from showing the value was $0 "irrespective of which party had the burden.” It misplaces the burden on Healy and incorrectly concludes that because Healy failed to present evidence showing his interest had value, the record necessarily supported a finding that it did not have value.